JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEEV COHEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COLORADO ELECTRIC SUPPLY LIMITED d/b/a/ City Electric Supply, a British corporation; PHILIP STURGESS, an individual; ADAM MACKIE, an individual; GERALD MACKIE, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: CV 08-5404-FMC-CWx <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES <br><br> Hearing Date: October 27, 2008 <br> Time: 10:00 a.m. |

This matter is before the Court on Plaintiff's Motion for Remand of Entire Action (docket no. 21), filed on September 19, 2008. The Court has considered the moving, opposition, and reply documents submitted in connection with this motion. The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for October 27, 2008 is hereby removed from the Court's calendar. For the reasons and in the manner set forth below, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's Motion.

//

//

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Zeev Cohen ("Plaintiff") is a French national who was employed with the Mackie Group, a network of companies of which Defendant Colorado Electric Supply ("CES" or "Defendant") is the principal company. Compl. ¶¶ 10-11. In October 2004, as part of its decision to expand its United States operations into California, Defendant offered Plaintiff the position of Group Manager in Los Angeles. In April 2005, Plaintiff accepted the offer and moved from France to open the first Mackie Group branch in California.

Plaintiff alleges that, during his employment, he was subjected to repeated acts of discrimination and harassment by Defendant based on his national origin, race, and age. When he complained to Defendant of such discrimination and harassment, Defendant, in retaliation, terminated Plaintiff in June 2007. On June 25, 2008, Plaintiff brought suit against Defendant, citing fifteen causes of action relating to the acts of discrimination, harassment and retaliation.

On August 18, 2008, Defendant filed a Notice of Removal of Action to this Court, basing its removal on diversity and federal question jurisdiction. Defendant contends that CES is a corporate citizen of the State of Colorado and thereby covered by 28 U.S.C. § 1332, which allows the federal courts to hear cases between "citizens of a State and citizens or subjects of a foreign state." Def.'s Mem. in Opp'n to Pl.'s Mot. for Remand at 1. Defendant also relies on Plaintiff's Eleventh Cause of Action alleging CES' failure to notify Plaintiff of his rights under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), Compl. ¶¶ 117-22, to argue that Plaintiff has pleaded and asserted a federal cause of action appropriate for adjudication by this Court. Def.'s Mem. in Opp'n at 1.

On September 19, 2008, Plaintiff moved for remand to the Los Angeles Superior Court, and an order pursuant to 28 U.S.C. § 1447(c) requiring Defendant to pay Plaintiff all costs, expenses, and attorneys' fees incurred as a result of improper removal.

## II. DISCUSSION

The United States District Courts have original subject matter jurisdiction over cases where all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A defendant has the burden of proving that the requisite jurisdiction exists to support removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. Defendant's Burden as to Diversity Jurisdiction

Diversity jurisdiction exists between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). However, there is no diversity jurisdiction where foreign plaintiffs sue foreign defendants. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983).

Where citizenship of an alien corporation[1] is at issue, the dual citizenship provision as to corporations found at 28 U.S.C. § 1332(c)(1) applies.[2] *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 773 (9th Cir. 1992). As a result, an alien corporation is considered a citizen of both the country of incorporation and the state in which it has its principal place of business. *Nike, Inc. v. Commercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). Significantly, it is the corporation's *worldwide* principal place of business that is relevant for purposes of diversity jurisdiction, and not its principal place of business within the United States. *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1100-01 (2nd Cir. 1986).

Defendant is a registered British corporation. Flaherty Decl. ¶ 3 In its

---

[1] An "alien corporation" is a corporation that is incorporated under the laws of a foreign country only.

[2] 28 U.S.C. § 1332(c)(1) states in relevant part that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."

3

submissions to the Court, Defendant refers to its office in Colorado as its "principal United States office." *Id.* ¶¶ 3-4; Def.'s Mem. in Opp'n at 2.  In addition, Defendant only cites data regarding its United States sales and business, and does not indicate whether these activities represent all or most of its worldwide operations.[3]  As stated above, the relevant consideration for diversity jurisdiction purposes is an alien corporation's worldwide principal place of business, not its principal place of business in the United States; consequently, Defendant has not carried its burden of proving that the requisite jurisdiction exists to support removal.

### B. Federal Question Jurisdiction

Ordinarily, a defendant may remove a suit to federal court only if the suit could have been brought there originally.  28 U.S.C. § 1441(a).  Under the well-pleaded complaint rule, "federal-question jurisdiction only exists when a federal question is presented on the face of the plaintiff's complaint."  *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

However, to bring a case "within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an *essential one*, of the plaintiff's cause of action.  *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936) (emphasis added).  The "controversy arising under the laws of the United States must be basic in character as distinguished from those that are collateral."  *Rosecrans v. William S. Lozier, Inc.* 142 F.2d 118, 123 (8th Cir. 1944); *see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-14 (2005) (stating that federal jurisdiction requires a case to demonstrate a "substantial" federal issue).

---

[3] For example, according to Defendant, CES conducts most of its sales in *the United States* in Texas and Colorado; these sales totaled about 35% for Texas and 27% for Colorado "of all sales *nationwide*."  Flaherty Decl. ¶ 4 (emphasis added).  Such a recitation of sales data for the United States alone does not answer the question whether Defendant's worldwide principal place of business happens to be located in the United States.

1  Plaintiff's suit against Defendant is based primarily on Defendant's alleged
2  acts of employment discrimination and harassment; thus, fourteen out of fifteen
3  claims are based exclusively on state law, while the one federal issue relates to
4  Defendant's failure to notify Plaintiff of his right to COBRA benefits following
5  termination. Compl. ¶¶ 117-22. The latter cause of action cannot be considered a
6  substantial claim for purposes of removal based on federal question jurisdiction;
7  instead, it is a collateral claim to the state law discrimination and harassment claims,
8  and Plaintiff's right to relief does not "[turn] on the federal question." *Berg v.*
9  *Leason*, 32 F.3d 422, 424 (9th Cir. 1994) (citing *Guinasso v. Pacific First Fed. Sav.*
10  *& Loan Ass'n*, 656 F.2d 1364, 1365-66 (9th Cir. 1981).[4]

11  The removal statute is strictly construed against removal jurisdiction, and
12  "federal jurisdiction must be rejected if there is any doubt as to the right of removal
13  in the first instance. *Gaus*, 980 F.2d at 566. Defendant has failed to establish that
14  Plaintiff's sole federal law claim is an essential aspect of his complaint and has
15  therefore not carried its burden of proving that removal is proper.

16  **C. Timeliness of Plaintiff's Motion for Remand**

17  Finally, Defendant argues that Plaintiff's Motion for Remand was untimely
18  because it was made more than 30 days after filing of the removal notice.[5] However,
19  this argument fails because 28 U.S.C. § 1447(b) expressly states that a "motion to
20  remand the case on the basis of any defect *other than lack of subject matter*
21  *jurisdiction* must be made within 30 days after the filing of the notice of removal
22  under section 1446(a)" (emphasis added). A motion to remand for lack of subject

---

[4] Plaintiff's Complaint also does not indicate that failure to give notice of COBRA rights was a motivating factor underlying Defendant's alleged acts of employment discrimination and harassment; instead, Plaintiff's COBRA claims relate only to the period after termination, thereby refuting any possible argument that it forms an essential element of the complaint.

[5] Defendant filed its notice of removal on August 18, 2008. Plaintiff's Motion For Remand was filed on September 19, 2008.

5

matter jurisdiction may be made at any time before final judgment. *Id.* Plaintiff's Motion for Remand relies on this Court's lack of subject matter jurisdiction over the instant case, and not on matters of procedure. Accordingly, Plaintiff's Motion is not affected by the 30-day statutory time limit.

### D. Plaintiff's Request for Sanctions

Section 1447(c) allows for the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has discretion to grant attorney fees and costs based on "the nature of the removal and the nature of the remand," *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992), and sanctions may be imposed where "the court specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (holding that the award of sanctions requires a specific finding of bad faith); *see also In re Itel Securities Litigation*, 791 F.2d 672 (9th Cir. 1986) (finding bad faith where a party acted for an improper purpose).

Further, unless there are unusual circumstances, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Here, the complexity of the jurisdiction issues involved in the instant case does not make it clear that Defendant's removal was wholly improper or unreasonable, thus warranting the imposition of sanctions. There has been no specific showing of bad faith on the part of Defendant, and, as a result, Plaintiff's request for sanctions is denied.

### IV. CONCLUSION

Defendant failed to carry its burden of proving that removal is proper based on either diversity or federal question jurisdiction grounds. There is also no merit to Defendant's argument that the motion to remand was untimely. Plaintiff's Motion for Remand of Entire Action to Los Angeles Superior Court is **GRANTED.** This Court further **DENIES** Plaintiff's request for fees and costs as there is no showing

1 of improper removal by Defendant.

2 **IT IS SO ORDERED.**

3 Dated: October 20, 2008

*Florence-Marie Cooper*

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT